IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

SHARRYL SMITH,                )
                              )
     Plaintiff,               )
                              )
v.                            )
                              )    No. 11-2312 P
SOUTHWEST TENNESSEE COMMUNITY )
COLLEGE,                      )
                              )
     Defendant.               )

_____

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**
_____

Before the court is defendant Southwest Tennessee Community College's ("Southwest") Motion to Dismiss, filed on September 19, 2011. (ECF No. 6.) After the court entered an order to show cause directing plaintiff Sharryl Smith to file a response to the motion, Smith filed her response on January 20, 2012. For the reasons below, Southwest's Motion to Dismiss is GRANTED.[1]

### I. BACKGROUND

Sharryl Smith was hired by Southwest on November 3, 2008, as a Police Officer I.[2] (Compl. ¶ 5.) During March and April of 2010, Smith worked under the immediate supervision of Police

---

[1] All parties consented to have a United States Magistrate Judge conduct all proceedings in this case, including presiding at the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (ECF Nos. 10-13.)

[2] These facts are based on allegations in Smith's complaint, and for purposes of deciding the instant motion, are accepted as true.

Supervisor Michael Harris. (Id. ¶ 6.) Smith alleges that on March 29, 2010, she approached Harris to ask him about jobs that she had heard were being eliminated. (Id. ¶ 7.) Harris responded by making sexually suggestive hip motions and stating that the only thing she needed to do was to ask him to engage in a certain sex act. (Id. ¶ 8.) Smith contacted her union representative about Harris's conduct so that corrective measures could be taken against him. (Id. ¶ 9.) According to an inter-office memorandum dated June 17, 2010, Southwest indicated that Smith made the complaint on April 2, 2010, by sending an email to Assistant Director Linda Stanback. (Id. ¶ 10.)

On March 31, 2010, Harris issued a written warning to Smith alleging that she had violated Southwest's code of conduct on March 29, 2010, apparently due to insubordination. (Id. ¶ 11.) Harris offered no supporting witnesses for his allegation, nor did he allege that there had ever been any prior incidents of insubordination. (Id. ¶ 12.) On April 19, 2010, James H. Bolden, Director of Police & Public Safety, issued a memorandum to Smith stating that his investigation determined that Smith's complaint of sexual harassment against Harris could not be substantiated. (Id. ¶ 13.) On June 10, 2010, Smith resigned after learning that Southwest would not take any corrective action against Harris and refused to take steps to ensure that she would not encounter Harris in the workplace. (Id. ¶ 17.)

In her complaint, Smith brings claims against Southwest pursuant to 42 U.S.C. §§ 1983 and 1985 for violations of her civil rights under the Fifth and Fourteenth Amendments of the United States Constitution.  (Id. ¶¶ 22-27.)  She also alleges gender discrimination and retaliation in violation of the Tennessee Human Rights Act, Tenn. Code Ann. §§ 4-21-101 et seq. ("THRA").  (Id. ¶¶ 28-30.)  Smith seeks compensatory damages, punitive damages, and attorney's fees.  In its Motion to Dismiss, Southwest moves to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because (1) as an arm of the state, Southwest is immune from suit for § 1983 and § 1985 claims under the Eleventh Amendment, and (2) Smith's claims under the THRA are barred by sovereign immunity.

## II.  ANALYSIS

Challenges to subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) come in two varieties: a facial attack and a factual attack.  Gentek Bldg. Prod., Inc. v. Steel Peel Litig. Trust, 491 F.3d 320, 330 (6th Cir. 2007).  Under a facial attack, all of the allegations in the complaint must be taken as true, much as with a Rule 12(b)(6) motion.  Id.  Under a factual attack, the court can weigh the evidence to confirm the existence of the factual predicates for subject-matter jurisdiction.  RMI Titanium Co. v. Westinghouse Elec. Corp., 78 F.3d 1125, 1134 (6th Cir. 1996).  In the present case, Southwest's motion is based on a

facial attack, and therefore the court will accept as true the allegations in the complaint.

The Eleventh Amendment prohibits nonconsenting states from being sued by private individuals in federal court.  U.S. Const. amend. XI; Bd. of Trs. of the Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001).  The prohibition against suit exists unless Congress validly abrogates that immunity or the state waives its sovereign immunity.  Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 670 (1999).  "The Eleventh Amendment prohibits actions against states and state agencies under section 1983 and section 1985."  Ferritto v. Ohio Dept. of Highway Saftey, No. 90-3475, 1991 WL 37824, at *2 (6th Cir. Mar. 19, 1991) (citing Quern v. Jordan, 440 U.S. 332, 339-42 (1979)); Cowan v. Univ. of Louisville Sch. of Med., 900 F.2d 936, 940-41 (6th Cir. 1990) (overruled on other grounds by Hafer v. Melo, 502 U.S. 21, 27 (1991)); Seibert v. Okla. ex rel. Univ. of Okla. Health Scis. Ctr., 867 F.2d 591, 594 (10th Cir. 1989)).

Southwest is an agency of the State of Tennessee.  Henderson v. Sw. Tenn. Cmty. Coll., 282 F. Supp. 2d 804, 807 (W.D. Tenn. 2003); see also Johnson v. Sw. Tenn. Cmty. Coll., No. 08-cv-2473-P, 2010 WL 1417739, at *3 (W.D. Tenn. Mar. 31, 2010) (citing Henderson and Jones v. Sw. Tenn. Cmty. Coll., No. 07-2707-STA, 2008 WL 4982742, at *4 (W.D. Tenn. Nov. 18, 2008)); see also Boyd v. Tenn. State Univ., 848 F. Supp. 111, 114 (M.D. Tenn. 1994) ("Tennessee

courts have repeatedly held that Tennessee's state universities and university officials are appendages of the state for purposes of sovereign immunity."). In enacting § 1983 and § 1985, Congress did not abrogate the right of states to sovereign immunity under the Eleventh Amendment. Quern, 440 U.S. at 338; Abe v. Mich. Dept. of Consumer & Indus. Servs., No. 99-1813, 2000 WL 1176878, at *1 (6th Cir. Aug. 9, 2010); Hutsell v. Sayre, 5 F.3d 996, 999 (6th Cir. 1993); Wolfel v. Morris, 972 F.2d 712, 718 (6th Cir. 1992); see also Hines v. Miss. Dept. of Corr., No. 00-60143, 2000 WL 1741624, at *3 (5th Cir. Nov. 14, 2000) ("Congress has not chosen to abrogate the states' immunity for suits under §§ 1981, 1983, and 1985(3)[.]"); Sanders v. Prison Health Servs., Inc., No. 2:10-CV-12846, 2011 WL 7434626, at *5 (E.D. Mich. Sept. 7, 2011) (citing Hines). Moreover, the State of Tennessee has not waived its sovereign immunity under the Eleventh Amendment with respect to § 1983 and § 1985. Giorgio v. State of Tenn. Dept. of Human Servs. of Nashville and Jefferson Cnty., No. 95-6327, 1996 WL 447656, at *1 (6th Cir. Aug. 7, 1996); Berndt v. State of Tenn., 796 F.2d 879, 881 (6th Cir. 1986); Gross v. Univ. of Tenn., 620 F.2d 109, 110 (6th Cir. 1980). Therefore, Smith's § 1983 and § 1985 claims are barred by the Eleventh Amendment and must be dismissed.

Finally, "[t]he Eleventh Amendment provides a jurisdictional bar to suits by private individuals of nonconsenting states in federal court on state law claims, as well as on federal law

claims." <u>Henderson</u>, 282 F. Supp. 2d at 807-08. "Unless the State of Tennessee has waived its immunity to suits in federal court for violations of the THRA, this claim is barred as well." <u>Id.</u> at 808. "Although the [Tennessee] Legislature has waived its immunity for THRA suits in state courts, it has not done so for suits in federal court." <u>Id.</u> (citing <u>Boyd</u>, 848 F. Supp. at 114); <u>see also</u> <u>Boinapally v. Univ. of Tenn.</u>, 23 F. App'x 512, 515 (6th Cir. 2001) (holding that district court properly dismissed plaintiff's THRA claims against state university based on sovereign immunity); <u>Jones</u>, 2008 WL 4982742, at *4 (holding that sovereign immunity barred plaintiff's THRA claims against Southwest Tennessee Community College). Thus, Smith's THRA claim is barred by sovereign immunity and must be dismissed.

### III.  CONCLUSION

For the reasons above, Southwest's Motion to Dismiss is GRANTED.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

March 15, 2012
Date
